IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **CAUSE NO. 1:19cr63-LG-JCG-2**

**JARLEESA NICOLE WRIGHT**

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [258] Motion for Compassionate Release filed by the defendant, Jarleesa Nicole Wright.  The Government has filed a response in opposition to the Motion, which Wright filed a reply.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Wright's Motion should be denied.

## DISCUSSION

On September 18, 2019, Wright was convicted of one count of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  The Court sentenced her to 92 months' imprisonment, 3 years' supervised release, a $3,000 fine, and a $100 special assessment.  Wright is currently being housed at Satellite Prison Camp ("SPC") Aliceville in Aliceville, Alabama, and is scheduled to be released on October 4, 2025.

On June 9, 2021, Wright filed a Motion for Compassionate Release, citing the threat of COVID-19 on her mother's deteriorating health, who is the primary caregiver of Wright's minor children, as an "extraordinary and compelling reason" justifying release.  Wright also notes that she has learned from her mistakes and

has completed various programs offered at SPC, including the administrative secretary program.  If released, Wright plans on seeking employment as an administrative assistant.  The Government objects to Wright's Motion on its merits.[1]

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued a relevant policy since the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[2]  The old pre-FSA policy statement appears in U.S.S.G. § 1B1.13, and only applies to "'motion[s] of the Director of the Bureau of Prisons.'"  *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13).  District courts are not bound by the policy statement nor the commentary but are bound only by § 3582(c)(1)(A)(i) and the § 3553(a) factors.  *Shkambi*, 993 F.3d at 393.  Courts nonetheless find § 1B1.13 informing to the analysis of what may be "extraordinary and compelling" to merit compassionate release.  *United*

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

[2] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

*States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).

The Court finds that Wright's family circumstances do not justify release. *See* U.S.S.G. § 1B1.13 n.1(C).  Family circumstances can only justify compassionate release in extreme situations, such as incapacitation or death of the caregiver of the minor child.  *See, e.g.*, *United States v. Bowyer*, 2020 WL 5942195, at *2 (E.D. La. Oct. 7, 2020).  Wright claims that her mother is the primary caretaker of her two minor children, with her health deteriorating daily.  She claims that her mother suffers from hypertension, obesity, pulmonary artery disease, congestive heart failure, a thyroid condition, chronic bronchitis, borderline diabetes, and poor circulation in both legs.  These health conditions have allegedly left Wright's mother incapacitated and unable to properly care for Wright's children.  For guidance on what constitutes "incapacitation," courts look to the BOP's non-binding Program Statement for processing compassionate release requests.  *See, e.g.*, *United States v. White*, No. 16-40, 2021 WL 1721016, at *4 (E.D. La. April 30, 2021) (citations omitted).  The definition relevant to Wright's mother provides that "'incapacitation' means the family caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  *Id.* at *4 n.29 (citing Federal Bureau of Prisons, Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 7).  Here, Wright alleges that her mother suffers from various serious medical conditions, but has not provided evidence that her conditions have left her "completely disabled."  *See*

-3-

*White*, 2021 WL 1721016, at *4 (citing Federal Bureau of Prisons, Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 10); *cf. United States v. Sam*, No. 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying compassionate release for lack of evidence regarding family circumstances). As such, the Court finds that Wright has not shown that her family circumstances are extraordinary and compelling reasons meriting compassionate release.

Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release. *See Thompson*, 984 F.3d at 435. This Court has repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its charge. The record also reflects that Wright was offered the Pfizer COVID-19 vaccine on March 12, 2021, but refused. Wright does not state whether her mother has received the COVID-19 vaccine. Like other courts, this Court is not inclined to find compelling circumstances based on COVID-19 concerns when a person has declined precautions against infection. *See, e.g.*, *United States v. Pruitt*, No. 3:14-CR-0384-B-1, 2021 WL 1222155, at *3 (N.D. Tex. April 1, 2021). Therefore, the Court finds that Wright's claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying her release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Wright was convicted of one of the six counts listed against her in the indictment. At the time of sentencing, she had a total offense level of 34 and a

criminal history category of I.  (Presentence Investig. Report ("PSR"), at ¶¶ 114,

117, at 26, ECF No. 159).  Requiring Wright "to serve the remainder of [her]

sentence would 'provide just punishment for the offense' and 'afford adequate

deterrence to criminal conduct.'"  *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. §

3553(a)(2)((A), (B).  The Court commends Wright on her enrollment in various

classes offered at SPC Aliceville.  However, to prematurely release Wright would

potentially create an unwarranted disparity "among defendants with similar

records who have been found guilty of similar conduct."  *See* 18 U.S.C. § 3553(a)(6).

For all these reasons, the Court finds that a reduction in Wright's sentence would

not reflect the gravity of her offense, nor provide adequate deterrence thereto.[3]

> **IT IS THEREFORE ORDERED AND ADJUDGED** that the [258] Motion

for Compassionate Release filed by the defendant, Jarleesa Nicole Wright, is

**DENIED**.

> **SO ORDERED AND ADJUDGED** this the 7th day of September, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] To the extent that Wright requests a transfer to home confinement, the Court has no authority to order such a transfer. *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *7 (E.D. La. Aug. 7, 2020).